# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GREGORY WALKER,<br>    Petitioner, | Case No. 1:20-cv-302 |
| | Barrett, J. |
| v. | Bowman, M.J. |
| WARDEN, WARREN,<br>CORRECTIONAL INSTITUTION<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Warren Correctional Institution (WCI),[1] has filed a petition and amended petition for a writ of habeas corpus (Doc. 1, 5), as well as a motion and amended motion for a temporary restraining order in this Court. (Doc. 2, 6). Respondent has filed a motion to dismiss the petition (Doc. 7) and a response in opposition to the motion for a temporary restraining order (Doc. 8), to which petitioner has responded/replied (Doc. 9, 10). For the reasons stated below, the motion to dismiss should be granted, the petition dismissed without prejudice, and the motion for a temporary restraining order denied.

Petitioner, proceeding under 28 U.S.C. § 2241, seeks immediate release from custody due to the COVID-19 pandemic. According to petitioner, he suffers from heart conditions which render him vulnerable to serious injury or death if exposed to the virus. (Doc. 5 at PageID 75–76, 91). Because of his pre-existing medical conditions and the nature of the prison environment, petitioner asserts that he cannot be adequately protected from contracting COVID-19 and must be released. (*Id.* at PageID 75–76). Petitioner claims that his continued incarceration violates his due process and Eighth Amendment rights. (*Id.* at PageID 95–96).

---

[1] Petitioner is in state custody based on his Cuyahoga County, Ohio convictions for murder and having weapon while under disability. (*See* Doc. 7-2, Ex. 3).

Respondent has filed a motion to dismiss the petition. (Doc. 7). According to respondent, the petition should be dismissed as unexhausted and non-cognizable. Specifically, respondent contends that because petitioner is in custody as a result of a state-court conviction, § 2241 is unavailable to him and he must proceed under 28 U.S.C. § 2254, which requires him to exhaust his constitutional claims in the state courts before seeking federal habeas corpus relief. Respondent further contends that the petition—which respondent argues is a challenge to the conditions of petitioner's confinement—must be brought under 42 U.S.C. § 1983 and is not cognizable in federal habeas corpus.

In order to address the motion to dismiss, the Court must first determine whether petitioner may bring his claims in a habeas corpus proceeding. As noted above, petitioner seeks relief in the form of release from custody, arguing that he cannot be adequately protected from contracting COVID-19. (*See* Doc. 5 at PageID 96). Although district courts addressing habeas petitions raising conditions of confinement claims have split on whether these claims are properly raised in a § 1983 action, *see Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) (collecting cases),[2] the Sixth Circuit has recently held that "our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (noting that release from confinement is the heart of habeas corpus) (internal quotation marks and citation omitted). *See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding

---

[2] One district court touched on the challenge in characterizing these types of cases as follows: "Petitioner's claims regarding the constitutionality of his custody in the jail because of his particular susceptibility to respiratory disease are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983. But, the relief Petitioner seeks—release from custody—is available only upon habeas corpus review. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983." *Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2–3 (W.D. Mich. Apr. 22, 2020).

2

that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *1 (6th Cir. July 9, 2020) (permitting pretrial detainees and state prisoners to proceed under § 2241). Accordingly, in light of the Sixth Circuit's recent decisions as well as the decisions of other federal courts in similar cases,[3] the undersigned is persuaded that petitioner may bring his claims in a petition for a writ of habeas corpus.

Petitioner has filed this action pursuant to 28 U.S.C. § 2241. As noted above, respondent contends that petitioner cannot proceed as a state prisoner under § 2241 and must proceed under 28 U.S.C. § 2254.[4] In any event, whether under § 2241 or § 2254, a state prisoner is required to exhaust his available state court remedies prior to filing a federal habeas corpus petition. *Collins. v. Million*, 121 F. App'x 628, 630–31 (6th Cir. 2005). *See also In re Marsh*, 209 F. App'x 481, 482 (6th Cir. 2006) ("a state prisoner's § 2241 habeas petition must comply with the gatekeeping restrictions included in the Anti-Terrorism and Effective Death Penalty Act of 1996").

---

[3] *See, e.g.*, *Resch v. Rewerts,* No. 1:20-cv-515, 2020 WL 3396625, at *3 (W.D. Mich. June 19, 2020) (permitting the petitioner to proceed with COVID-19 claims in a habeas action, but noting that, in line with the Sixth Circuit's decision in *Wilson*, petitioner's decision to proceed in a habeas corpus action circumscribes the relief available); *Cobb v. Wolcott*, No. 20-cv-496, 2020 WL 2781781, at *4 (W.D.N.Y. May 29, 2020) (finding that the relief sought by petitioner—immediate release—falls squarely within the traditional scope of habeas corpus) (quoting *Preiser,* 411 U.S. at 487); *Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 461 F.Supp.3d 168, 2020 WL 2571170, at *2–3 (E.D. Pa. May 21, 2020) (finding petitioner's COVID-19 claims for which he sought immediate release not cognizable in a § 1983 action and properly brought in habeas corpus).

[4] As pointed out by respondent, the Sixth Circuit has held that "regardless of the label on the statutory underpinning for [a] petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254, not § 2241" *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). *See also Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) ("The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment.") (citing *Walker v. O'Brien*, 216, F.3d 626, 633 (7th Cir. 2000)). However, in the context of a COVID-19 challenge, the Sixth Circuit has recently permitted state prisoners to proceed under § 2241. *See Cameron*, 2020 WL 3867392 at *1.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

In this case, it is clear from the face of the petition that petitioner has not presented his constitutional claims to the Ohio courts prior to filing the instant petition. Petitioner claims that he should be excused from the exhaustion requirement[5] and review of the Ohio Supreme Court docket reveals that petitioner has not fairly presented his constitutional claims to the Ohio

---

[5] Petitioner contends that pursuing a grievance in the prison system would be futile. (Doc. 5 at PageID 77–78). However, he has not demonstrated that relief as to his claims is unavailable to him in the Ohio courts. *See Makin v. Wainwright*, No. 3:20-cv-912, 2020 WL 2085141, at *2 (N.D. Ohio Apr. 30, 2020) (dismissing habeas petition on exhaustion grounds over claims that exhaustion would be futile); *Hurst v. Rewerts*, No. 1:20-cv-680, 2020 WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion grounds, noting that relief may be available to petitioner by way of a habeas corpus petition or civil action filed in the state court).

courts.[6] (*See* Doc. 5 at PageID 77; Doc. 1 at PageID 4–5). Because petitioner has failed to afford the Ohio courts with an opportunity to address his claims prior to filing the instant action, this case should be dismissed without prejudice for failure to exhaust. *See, e.g., Medina v. Williams*, 823 F. App'x 676–77 (10th Cir. 2020) (noting that the dismissal of a prisoner's COVID-19 claims brought under § 2241 was proper because the petitioner failed to demonstrate that he has exhausted his available state remedies); *Elleby v. Smith*, No. 20-cv-2935, 2020 WL2611921, at *4 (S.D.N.Y. May 22, 2020) (joining federal district courts around the country that have recently dismissed, or held dismissible, COVID-19-related petitions for failure to exhaust state remedies) (collecting cases); *Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 461 F.Supp.3d 168, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing COVID-19 habeas petition for failure to exhaust, finding the "[p]etition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts"); *Griffin v. Cook*, No. 3:20-cv-589, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (dismissing COVID-19 petition for lack of exhaustion); *Resch v. Rewerts*, No. 1:20-cv-515, 2020 WL 3396625, at *4 (W.D. Mich. June 19, 2020) (same).

Because the petition is subject to dismissal on exhaustion grounds, petitioner's motion and amended motion for a temporary restraining order (Doc. 2, 6) should be denied. *See, e.g.,*

---

[6] It appears that petitioner did file a motion for judicial release pursuant to Ohio Rev. Code § 2929.20 in the Cuyahoga County, Ohio trial court after filing the instant petition; however, it does not appear that petitioner raised the constitutional claims asserted in the instant petition or appealed the denial of his motion to the Ohio Court of Appeals or Ohio Supreme Court. *See O'Sullivan*, 526 U.S. at 842, *Hafley*, 902 F.2d at 483; *Leroy*, 757 F.2d at 97, 99–100.

Petitioner's state court cases were viewed at https://cpdocket.cp.cuyahogacounty.us/Search.aspx (under Case No. CR-05-466934-A) and http://www.supremecourt.ohio.gov/Clerk/ecms/#/search. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

5

*Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2–3 (W.D. Mich. Apr. 22, 2020) (finding that "because Petitioner has failed to exhaust available state court remedies, he has no chance of success on the merits of his claim" and "preliminary injunctive relief is inappropriate"); *Harrison v. Wolcott*, No. 20-cv-6270, 2020 WL 3000389, at *4 (W.D.N.Y. June 4, 2020) (finding that petitioner had not demonstrated a likelihood of success on the merits because petitioner's COVID-19 claims were unexhausted).

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice, and petitioner's motion and amended motion for a temporary restraining order (Doc. 2, 6) be **DENIED.**

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY WALKER,
    Petitioner,

v.

WARDEN, WARREN,
CORRECTIONAL INSTITUTION
    Respondent.

Case No. 1:20-cv-302

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7