# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**GREGORY WALKER,**

    **Petitioner,**

v.

**WARDEN, WARREN CORRECTIONAL INSTITUTION,**

    **Respondent.**

Case No. 1:20-cv-302
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## OPINION AND ORDER

Petitioner Gregory Walker seeks release from prison due to concerns about COVID-19. This cause is currently before the Court on Magistrate Judge Bowman's November 2, 2020, Report and Recommendations ("R&R," Doc. 12) concerning the Warden's Motion to Dismiss ("Mot. to Dismiss," Doc. 7). The R&R advised the Court to grant the Motion. In particular, it recommends that the Court treat Walker's claim as arising in habeas, but then find that Walker failed to exhaust that claim in state court. Thus, the R&R says, the Court should dismiss Walker's Petition for the Writ of Habeas Corpus ("Petition," Doc. 1), but without prejudice.

Both the Warden ("Resp. Objs.," Doc. 13) and Walker ("Pet. Objs.," Doc. 14) have since timely objected. The Warden says that the R&R erred in treating the claim as arising under habeas, and instead should have categorized it as a conditions-of-confinement claim cognizable, if at all, only under 42 U.S.C. § 1983. Walker, on the other hand, says that the R&R is wrong on the exhaustion issue.

For the reasons set forth more fully below, the Court **OVERRULES** both the Warden's (Doc. 13), and Walker's (Doc. 14) Objections to the R&R. Accordingly, the Court **ADOPTS** the R&R (Doc. 12) **GRANTS** the Warden's Motion to Dismiss (Doc. 7), **DISMISSES** Walker's Habeas Petition (Doc. 1) **WITHOUT PREJUDICE**, and **DENIES** Walker's Motion and Amended Motion for a Temporary Restraining Order (Docs. 2 and 6). Moreover, because the Court finds that reasonable jurists would not disagree with this conclusion, the Court **DENIES** Walker a certificate of appealability. Further, the Court **CERTIFIES** that any appeal by Walker of this Opinion and Order would not be taken in "good faith" and that Walker is **DENIED** leave to appeal in forma pauperis.

## PROCEDURAL HISTORY

### A. State Proceedings

On February 28, 2006, Walker was convicted of murder with firearm specifications and of having a weapon while under disability in Cuyahoga County, Ohio. ("Mot. to Dismiss," Doc. 7, #142). He received a total sentence of 21 years to life imprisonment. (*Id.*). Walker is presently incarcerated in the Warren Correctional Institution ("WCI") in Lebanon, Ohio. (*Id.* at #141). The circumstances of Walker's conviction do not factor into his Petition or this Opinion and Order.

### B. Federal Habeas Proceedings

Walker filed the instant Petition for the Writ of Habeas Corpus ("Petition") on April 15, 2020. (Doc. 1). In his Petition, Walker does not assign error to his trial proceedings or appeal. (*Id.*). Instead, he filed, purportedly under 28 U.S.C. § 2241,

seeking release from custody in response to concerns about COVID-19 ("COVID"). (*Id.* at #24). Specifically, Walker argued that the Fifth and Eighth Amendments guarantee him adequate medical care while incarcerated. (*Id.* at #23). He alleged that he suffers from heart disease, a heart murmur, chest pain, severe anxiety and depression, and so is particularly vulnerable to the effects of COVID. (*Id.* at #19).

Walker further contends that the Warden has failed to provide a safe environment to protect inmates from infection. (*Id.* at #13–19). At the time he filed his Petition,[1] Walker alleged that prison inmates lacked adequate cleaning products, that inmates routinely came into close contact with each other and prison staff, and that high contact areas like computers and phones were not being cleaned. (*Id.* at #16). Finally, Walker alleged that WCI was not prepared to accommodate the treatment of inmates who inevitably would become sick. (*Id.* at #17–18). In sum, Walker contends:

> Respondent's failure to adequately protection Petitioner from these punitive conditions, or release him from the conditions altogether, constitutes an egregious violation of Petition's due process rights and deliberate indifference to the serious medical needs of Petition's, thereby establishing a violation of the Eighth Amendment of the United States Constitution.

(Doc. 1, #23–24).

Alongside his Petition, Walker that same day filed a Motion for a Temporary Restraining Order ("TRO") requesting immediate release from custody. (Doc. 2.).

---

[1] The COVID pandemic and the world's response to it have evolved greatly since Walker first filed his Petition. The Court lacks a full accounting of what steps WCI has taken in the interim and does not know what impact they could have on Walker's claims. Still, for the reasons outlined below, the Court finds it need not reach the merits of Walker's claim.

Walker's Motion for TRO substantially raised the same constitutional arguments he had raised in his habeas petition. (*Id.*).

About two weeks later, Walker filed an Amended Petition for the Writ of Habeas Corpus and an Amended Motion for a TRO. (Docs. 5 & 6). His amendments asserted that his claims need not pursue state exhaustion. (Doc. 5, #77). Unfortunately, the Court never received page 5 of Walker's Amended Petition, which appears to lay out Walker's exhaustion argument. (*See* Doc. 5, #77–78). The amendments also updated the Court on the pandemic's progression in the prison system and the staff's response. (*Compare* Doc. 5, #84, *with* Doc. 1, #12).

**C.     The Warden's Motion to Dismiss.**

On May 7, 2020, the Warden filed a Motion to Dismiss Walker's Petition and an Opposition to Walker's Motion for TRO. (Doc. 7). The Warden made three basic arguments. First, she argued that, to the extent the claim is cognizable in habeas (more on that immediately below), Walker, as a state prisoner, must pursue such relief under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241, the statute on which his Petition nominally relies. Second, the Warden argued that, to the extent habeas is the appropriate vehicle, Walker failed to exhaust his state remedies, a prerequisite to relief in habeas. (*Id.* at #145). Third, the Warden argued that Walker was actually advancing a conditions-of-confinement claim, and, as such, it was cognizable only under § 1983, and not in habeas. (*Id.* at #11). And finally, given that the claim lacked merit (according to the Warden), the Warden further argued that Walker was not entitled to a TRO. (*Id.* at #152)

Suffice to say Walker disagreed. In his Response, he asserted that his claim was cognizable under § 2241, and that the Court could not consider the Warden's exhaustion argument at the motion to dismiss stage, as it required consideration of matters outside the pleadings. (Doc. 9, #306–07). In any event, Walker claimed there were no specific state mechanisms available for his claim, and thus exhaustion was not required. (*Id.*). Then, covering his bases, Walker also argued that he had exhausted his administrative remedies, or alternatively that he need not exhaust because he would suffer irreparable harm without immediate relief. (*Id.* at #308). Finally, Walker reasserted that the exigencies of the pandemic warranted a TRO granting his immediate release from custody. (*Id.* at #310).

**D.    The Magistrate Judge's R&R**

On November 2, 2020, the Magistrate Judge issued her R&R, recommending that the Court grant the Warden's Motion to Dismiss, dismiss Walker's Petition without prejudice and deny Walker's Motion and Amended Motion for TRO. (Doc. 12, #340). The R&R found that, in light of the Sixth Circuit's then-recent decision in *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020), Walker could advance his claims in habeas. (*Id.* at #336–37). But in terms of the specific statutory provision, the R&R agreed with the Warden that § 2254, not § 2241, governed Walker's petition. (*Id.* at #337). Regardless of which provision controlled, the R&R found that Walker needed to exhaust his constitutional claims in state court, and had not done so. (*Id.* at #337). Accordingly, the R&R recommended dismissing Walker's claims without prejudice so that he could pursue them first in state court. (*Id.* at #339). And the

5

Magistrate Judge recommended that the Court deny Walker's Motion and Amended Motion for a TRO as unmeritorious. (*Id.* at #339–40).

### E. Objections to the R&R

Both the Warden and Walker objected. The Warden argued that *Wilson v. Williams* did not control on the facts here, and that Walker's claim was not cognizable in habeas. (Resp. Objs., Doc. 13, #348–49). For his part, Walker objected to the finding on failure to exhaust, reiterating that no state avenues existed for him; thus, he had no exhaustion obligation, and the Court could reach the merits of his Petition. (Pet. Objs., Doc. 14, #373.)

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d

6

373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, here, as noted, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Finally, even as to any unobjected portions of the R&R, the Court nonetheless has an obligation to review the recommendation. The advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) (1983 Advisory Committee Notes); *see also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases).

## LAW AND ANALYSIS

Although both parties have objected, neither object to the R&R in its entirety. Thus, the Court begins its review with the unobjected-to portions of the R&R. As to those portions, the Court determines that the R&R does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (1983 advisory committee notes).

Specifically, the Court notes that the Warden agrees with the R&R that "regardless of the label on the statutory underpinning for [a] petition, habeas

7

petitions of state prisoners are governed by 28 U.S.C. § 2254," not § 2241. *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002); (R&R, Doc. 12, #337 n.4; Resp. Objs., Doc. 13, #345). While Walker claims he filed his petition under § 2241, he makes no specific objection nor presents any argument as to why § 2254 does not govern his claim. (*See* Pet. Objs., Doc. 14, #373–74). The Court therefore agrees with and adopts the R&R on this point, construing Walker's petition as advancing claims under 28 U.S.C. § 2254. *See In re Bagsby*, 40 F.4th 740, 749 (6th Cir. 2022).

Turning to the parties' objections, the Court finds neither the Warden's nor Walker's Objections persuasive. Accordingly, the Court **OVERRULES** the Warden's Objections and **OVERRULES** Walker's Objections. Because the Court agrees with the R&R that Walker has failed to exhaust his claims in state court, the Court **ADOPTS** the R&R (Doc. 12). The Court **GRANTS** the Warden's Motion to Dismiss (Doc. 7), **DISMISSES** Walker's Petition for the Writ of Habeas Corpus (Doc. 1) **WITHOUT PREJUDICE**, and **DENIES** Walker's Motion and Amended Motion for a Temporary Restraining Order (Docs. 2 and 6).

**A.     The Warden's Objections.**

The Warden's principal argument is that Walker's requested relief sounds solely in § 1983 as a conditions-of-confinement claim, rather than in habeas. The main problem with that argument is that the Sixth Circuit's decision in *Wilson* says otherwise. More specifically, as the R&R notes, regardless of whether Walker *could* bring his claim under § 1983, *Wilson* holds that claims like Walker's are cognizable under habeas. The Warden raises two objections to that conclusion: (1) Walker's case

8

can be distinguished from *Wilson*, and (2) the Sixth Circuit wrongly decided *Wilson*. (Resp. Objs., Doc. 13). The Court rejects both.

### 1. The Warden Fails To Distinguish *Wilson*.

The Warden first hopes to evade *Wilson* by limiting its scope to federal prisoners. (*Id.* at #349). In particular, the Warden claims that federal inmates, like the petitioners in *Wilson,* can bring a § 2241 habeas petition for COVID-related "conditions of confinement" release, but only *because* § 1983 is not available to federal prisoners. (Resp. Objs., Doc. 13, #349). As the Warden puts it, "[i]t is clearly established that federal inmates may not raise conditions of confinement claims in a § 1983 complaint. This is why federal inmates … may raise conditions of their confinement as challenges to the execution of their sentence in § 2241 habeas corpus." (*Id.*). State inmates, by contrast, have § 1983 available as a potential remedy, and therefore, the Warden urges, cannot seek to mitigate COVID exposure by requesting release through a habeas petition.

That argument fails for two reasons. First, *Wilson*'s language will not support it. In *Wilson*, to find the inmates could proceed in habeas (there, under § 2241), the Sixth Circuit had to decide whether a prisoner seeking release from custody on COVID-safety grounds was claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at 837. The Sixth Circuit answered that question in the affirmative. But the relevant language in § 2254, the habeas provision applicable to state prisoners like Walker, is exactly the same. Section 2254 likewise allows a state prisoner to seek relief "only on the ground that he is in custody in

9

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Given that the relevant language in both statutes is the same, the Sixth Circuit's determination—that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions of confinement"—applies equally to both statutes. *Wilson*, 961 F.3d at 832. Indeed, the Sixth Circuit in *Wilson* cites *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), as support on this point, and *Adams* is a § 2254 case. *Wilson*, 961 F.3d at 838. In short, there is no reason to believe that § 2241 and § 2254 differ when a prisoner seeks release due to COVID concerns.

Nor is the Warden correct to claim that state prisoners differ in that they have an alternative remedy (through § 1983) to habeas for conditions of confinement claims, while federal prisoners do not. In fact, *Wilson* itself essentially rejects that argument. The decision makes clear that, even for federal prisoners, "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241." 961 F.3d at 832; *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) ("The district court properly dismissed without prejudice [petitioner's] first three claims because § 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement."). Rather, such challenges are cognizable under *Bivens* and its prodigy. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). In short, both state and federal

10

prisoners have alternative vehicles for advancing conditions-of-confinement claims, so that does not help the Warden distinguish *Wilson* here.

The Warden fails to improve her argument by exploring the ways in which § 2241 and § 2254 treat "execution of sentence" habeas petitions differently. (*See* Resp. Objs., Doc. 13, #345–48). The Warden emphasizes how § 2241, but not § 2254, allows for release based on the "execution of sentence" petitions, and how § 2241 only applies only to federal inmates. (*See id.*). Then, the Warden seemingly argues that the Sixth Circuit permitted the inmate in *Wilson* to proceed under § 2241 habeas because they were challenging the "execution of their sentence." (*See id.*). By extension, the Warden believes Walker cannot proceed under habeas because § 2254 contains no similar "execution of sentence" pathway. (*See id.*).

But that argument misreads *Wilson*. The Sixth Circuit's holding categorized what is, and what is not, cognizable for habeas relief based on the inmate's requested outcome—immediate release from custody. *Wilson*, 961 F.3d at 837–38. In fact, the appeals court did not used the term "execution of sentence" to describe Wilson's challenge. *See id.* Instead, the court first explained that § 2241 provides district courts jurisdiction over habeas petitions and then defined what could be properly considered a habeas petition based on caselaw. *See id.* So, the question is not whether Walker's petition meets AEDPA's requirements (as the R&R and this Court agree, he does not), but rather whether the core of Walker's claim falls within the framework of the Great Writ. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–89 (1973) (defining the "core of habeas corpus" based on common law understanding of the writ); *Carbo v.*

11

*United States*, 364 U.S. 611, 614–620 (1961) (describing the history of the writ). Put another way, neither § 2241 nor § 2254 alter what makes for habeas relief—a demand for immediate release from custody. *Wilson*, 961 F.3d at 837–38. That relief is what the petitioner in *Wilson* demanded. This is also what Walker demands here. Therefore, the Warden errs in asserting that *Wilson* and Walker can be distinguished purely because one (*Wilson*) must proceed under § 2241, while the other (Walker) must proceed under § 2254.

### 2. The Court Cannot Contravene Sixth Circuit Precedent.

Separately, the Warden protests that *Wilson* was wrong as a matter of law. (Resp. Objs., Doc. 13, #349–50). Whatever the merits of that argument, this is the wrong court in which to present it. *Wilson* is published Sixth Circuit precedent, and thus binds this Court.

To the Warden's credit, the exact contours of what claims are cognizable in habeas is a topic that has long bedeviled the courts. *See Preiser*, 411 U.S. at 498. The distinction seems straightforward in the abstract. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). On the other hand, a state inmate's "challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* (citing *Muhammad*, 540 U.S. at 750). Applying that dividing line in a given case, however, has proven difficult. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480–82 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005).

The onset of the COVID pandemic has further strained the dividing line. As the full scope of the pandemic became clear, courts received a slew of petitions for release from inmates fearing infection in detention. *See, e.g.*, *Elleby v. Smith*, No. 20 Civ. 2935, 2020 WL 2611921 (S.D.N.Y. 2020); *Kokolios v. Diaz*, No. 20 Civ. 0933, 2020 WL 2512103, at *1 (E.D. Cal. May 15, 2020); *Drakos v. Gonzalez*, Civ. No. H-20-1505, 2020 WL 2110409, at *1 (S.D. Tex. May 1, 2020); *Phea v. Pfeiffer*, No. 20 Civ. 283, 2020 WL 1892427, at *1 (E.D. Cal. Apr. 16, 2020).

Some courts, like the Warden argues here, have treated those as challenges to the conditions of an inmate's confinement, a claim properly heard under § 1983 (or, in the case of federal prisoners, *Bivens*). *See, e.g.*, *Basri v. Barr*, 469 F. Supp. 3d 1063 (D. Co. 2020). For example, when hearing an inmate's habeas petition for COVID-related release, the District of Colorado held:

> When the claim is not that detaining the petitioner is illegal under any circumstances, but that it is illegal under present conditions, the proper vehicle for relief is 42 U.S.C. § 1983 (for claims against state actors), or *Bivens v. Six Unknown Named Agents* (for claims … against federal actors).

*Id.* at 1066 (citing *Bivens*, 403 U.S. 388) (internal citation omitted). Other courts have agreed. *See, e.g., Drakos v. Gonzalez*, 2020 WL 2110409, at *1; *Phea*, 2020 WL 1892427, at *1

Moreover, as a conceptual matter, this conditions-of-confinement approach perhaps makes some sense. After all, Walker is not claiming a right to "release" per se; he is not arguing, for example, that some constitutional flaw in his conviction renders it invalid. Rather, he merely says that the Warden cannot provide a set of conditions that are sufficiently safe, and thus he would like release from his otherwise

13

valid confinement (i.e., from the penal institution in which he is housed). But imagine for example that the Warden were to acquiesce in that request by "releasing" Walker to strict home confinement. Walker still presumably would be in "custody." *See, e.g.*, *United States v. Sandles*, 469 F.3d 508, 517–18 (6th Cir. 2006) (holding that defendant who is serving a term of supervised release is still in "custody" for purposes of habeas). In other words, Walker is not challenging the validity or duration of his sentence, *Muhammad*, 540 U.S. at 750, but rather could be understood as merely seeking to exchange one set of conditions of custody (being housed in a prison) for another (custody in his home). Viewed through this lens, Walker's claim could be understood to fall outside the traditional boundaries of habeas. *See Codner v. Choate*, No. 20-cv-1050, 2020 WL 2769938, at *6–7 (D. Colo. May 27, 2020).

That said, the Sixth Circuit's decision in *Wilson* is certainly not alone in concluding that, where an inmate alleges that *no* conceivable circumstance of incarceration would be constitutional and release from prison is the *only* remedy, the inmate's plea is properly brought in habeas. *See, e.g.*, *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 739 (5th Cir. 2020); *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020); *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021); *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 433–34 (D. Conn. 2020); *see also Medina v. Williams*, 823 F. App'x 674, 676–77 (10th Cir. 2020) (suggesting habeas may be proper but not deciding). Basically, these courts conclude that, because the inmate "seek[s] release from confinement, 'the heart of habeas corpus,' jurisdiction is proper under" habeas. *Wilson*, 961 F.3d at 838 (quoting *Preiser*, 411 U.S. at 498).

14

In any event, whatever the relative merits of the competing arguments as a matter of first principles, *Wilson* forecloses debate. If the Warden wishes to argue that the Sixth Circuit erred in *Wilson*, that is a matter she must take up with that court. As for this Court, having determined that *Wilson* is on point, the Court concludes that Walker's claim is cognizable in habeas.

Accordingly, the Court **OVERRULES** the Warden's Objection to the R&R.

**B.    Walker's Objection.**

Walker also objected to the R&R. (Pet. Objs., Doc. 14). In particular, he argues that the R&R erred in imposing an exhaustion requirement, as "[p]etitioner does not have a state court avenue to present his constitutional claims, nor has the Respondent or Magistrate pointed to any state court avenue that Petitioner could have utilized to present his constitutional claims prior to filing the instant habeas petition." (*Id.* at #373–74). That objection is not well taken.

Walker's objection starts on solid legal footing. While habeas generally includes an exhaustion requirement, *see* 28 U.S.C. § 2254(b), exhaustion is not required where "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.*

But despite that solid start, Walker's argument stumbles almost immediately, as the Sixth Circuit has recognized that state remedies are available for COVID-related release if a state offers avenues like "a postconviction motion, a state habeas corpus petition, or a state civil action." *See Whitley v. Horton*, No. 20-1866, 2020 WL

15

8771472, at *2 (6th Cir. Dec. 11, 2020); *Carter v. Cheeks*, No. 21-1171, 2021 WL 3671139, at *2 (6th Cir. July 23, 2021). This includes "state court and administrative remedies[.]" *Carter*, 2021 WL 3671139, at *2 (citing *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)).

Here, Ohio law provides avenues for Walker's requested relief. "Ohio's trial courts have the power to liberally and expeditiously grant appropriate requests for judicial release." *State ex rel. Lichtenwalter v. DeWine*, 143 N.E.3d 507, 507 (Ohio 2020) (Donnelly, J., concurring); *see* OHIO REV. CODE § 2929.20. In the wake of the COVID pandemic, at least one Ohio inmate has been so released. *See State v. Burns*, No. 29811, 2021 WL 4771258, *1 (Ohio Ct. App. Oct. 13, 2021). The Court thus finds that, contrary to Walker's argument, state avenues for relief are available to him. Therefore, he has not exhausted his claims as § 2254 required. *See Makin v. Wainwright*, No. 3:20-cv-912, 2020 WL 2085141, at *2 (N.D. Ohio Apr. 30, 2020) (dismissing habeas petition on exhaustion grounds over petitioner arguments that exhaustion would be futile).

The Court finds further support for this result in decisions from other courts rejecting similar petitions relating to the COVID pandemic. *See, e.g.*, *Medina*, 823 F. App'x at 676–77; *Elleby,* 2020 WL 2611921, at *4 (collecting cases); *Malloy v. Dist. Att'y of Montgomery Cnty.*, 461 F.Supp.3d 168, 172 (E.D. Pa. 2020); *Griffin v. Cook*, No. 3:20-cv-589, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020); *Resch v. Rewerts*, No. 1:20-cv-515, 2020 WL 3396625, at *4 (W.D. Mich. June 19, 2020); *cf. Cheek*, 835

16

F. App'x at 739 n.1 (holding that the COVID pandemic did not excuse the PLRA's exhaustion requirements).

Walker's citation to *Longstreth v. Franklin*, No. Civ-05-782-C, 2005 U.S. Dist. LEXIS 42200, at *4–10 (W.D. Okla. Oct. 25, 2005), does not change that result. (Pet. Objs., Doc. 14, #374). There, an inmate challenged a prison disciplinary conviction in habeas and argued he need not exhaust state remedies because no constitutionally sufficient remedies existed. *Longstreth*, 2005 U.S. Dist. LEXIS 42200, at *2–9. Although Oklahoma later enacted a statute establishing a constitutionally sufficient mechanism to challenge prison disciplinary proceedings, the district court agreed with the inmate that no such mechanism existed at the time of his conviction. *Id.* at *2–10. Thus, the court allowed the prisoner to proceed in habeas even absent state court exhaustion. *Id.*

*Longstreth* is distinguishable. As demonstrated, Ohio provides what Oklahoma did not. That is, Ohio law offers a constitutionally sufficient avenue for Walker to challenge his custody and demand release. *See* OHIO REV. CODE § 2929.20. Should he prevail, he would not be the first. *See, e.g.*, *Burns*, 2021 WL 4771258, *1.

Finally, the Court briefly notes that Walker does not object to the R&R's recommendation that this Court deny his Motion and Amended Motion for TRO. And, because the Court finds that Walker is not entitled to relief at this juncture, the Court finds that the Magistrate Judge's recommendation regarding the Motion and Amended Motion contains no clear error. *See Redmon*, 2021 WL 4771259, at *1.

Accordingly, the Court **OVERRULES** Walker's Objection to the R&R, **ADOPTS** the R&R (Doc. 13, and **DENIES** Walker's Motion and Amended Motion for TRO (Docs. 2 and 6).

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Warden's Objections to the R&R (Doc. 13). Moreover, the Court **OVERRULES** Walker's Objections to the R&R (Doc. 14). Accordingly, the Court **ADOPTS** the R&R (Doc. 12), **GRANTS** the Warden's Motion to Dismiss (Doc. 7), **DISMISSES** Walker's Habeas Petition (Doc. 1) **WITHOUT PREJUDICE**, and **DENIES** Walker's Motion and Amended Motion for a Temporary Restraining Order (Docs. 2 and 6). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket. Because the Court finds that reasonable jurists would not disagree with this conclusion, the Court **DENIES** Walker a certificate of appealability. Further, the Court **CERTIFIES** that any appeal by Walker of this Opinion and Order would not be taken in "good faith" and that Walker is **DENIED** leave to appeal in forma pauperis.

    **SO ORDERED.**

    <u>September 28, 2022</u>
    **DATE**                                      **DOUGLAS R. COLE**
                                                 **UNITED STATES DISTRICT JUDGE**